IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY BURKE,

        Plaintiff,

v.                          CIV 00-1310 KBM

FEDERAL BUREAU OF INVESTIGATION, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's complaint *(Doc. 1)* under 28 U.S.C. § 1915 (e)(2). Plaintiff is *pro se* and proceeding *in forma pauperis.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), Plaintiff has consented to have me serve as the presiding judge and enter final judgment. Defendants have not yet been served, and moreover will not be served because I determine that this *in forma pauperis* complaint should be dismissed with prejudice.

Plaintiff's complaint is styled "Charges for Violation of Civil Rights and Obstruction of Justice Federal Statues [sic] Title 28 Section 453 and Title 42 Section 1983, 1985, 1986 and Notice of Seditious Conspiracy under Title 18, Section 2384." It alleges thirteen counts against the various defendants. Burke seeks a $50,000,000 compensatory damages award and $50,000,000 in punitive damages for injuries that allegedly arise from the same set of facts.

Specifically, Plaintiff believes that while he was undergoing surgery for a torn rotator cuff in Barstow, California, electronic devices were implanted in his skull, neck, shoulder, abdomen

and internal organs.  Plaintiff alleges that the purpose of these "alien implants" was to monitor and control his mental and physical behavior and to track his movements.  Plaintiff does not specify which government agency he believes is conducting the alleged experiments.  In essence, Burke's claims against the various defendants concern their failure to investigate his allegations and the alleged concealment of facts relating thereto.

Under § 1915(e)(2), the Court is required to dismiss an *in forma pauperis* complaint at any time if the Court determines that the action is "frivolous."  This authority to extends to dismissal of claims based on an indisputably meritless legal theory as well as claim that describe ***"fantastic or delusional scenarios."***  *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992) (emphasis added), quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Plaintiff's claims of mind and behavior control through implanted electronic devices fall precisely into these categories.  Moreover, the Court has discretion to dismiss claims that are "patently insubstantial . . . for want of subject-matter jurisdiction under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)."  *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).  Accordingly, Plaintiff's complaint will be dismissed with prejudice.

Wherefore,

**IT IS HEREBY ORDERED** that this action be **dismissed with prejudice**.  A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure shall be entered concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent of Plaintiff